

ATTORNEYS AT LAW
125 BROAD STREET, 39TH FLOOR   NEW YORK, NY 10004-2400
*www.sedgwicklaw.com*   212.422.0202 *phone*   212.422.0925 *fax*

*(212) 898-4011*
*michael.bernstein@sdma.com*

December 18, 2012

*Via Regular Mail and ECF*
Judge Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Demarco v. Hartford Life and Accident Insurance Company c/o Hartford Financial Services Group, Inc*
    Civil Action No.: 12-cv-04313 (BMC)
    File No.: 02489-000190

Dear Judge Cogan:

This office represents the Defendant Hartford Life and Accident Insurance Company ("Hartford") in the above-referenced matter. In accord with Your Honor's Individual Practices, we respectfully request leave to file a motion for an order striking plaintiff Marilyn Demarco's ("Demarco") Complaint, and for such other and further relief as this Court deems just and proper.

On August 27, 2012, Demarco filed her Complaint with the clerk of this Court. (Doc. No. 1). The Court entered an Initial Scheduling Order on August 28, 2012 directing the parties to submit a proposed discovery plan by October 5, 2012 and directing them to attend a mandatory Initial Status Conference on October 10, 2010. (Doc. No. 3). However, at that point, Demarco had not properly served Hartford with the Summons and Complaint nor did plaintiff's counsel notify Hartford of the scheduled Initial Status Conference in writing as per the Court's Initial Scheduling Order. (*Id.*). Demarco also failed to submit a proposed discovery plan and did not attend the Initial Status Conference on October 10, 2012. As a result, on October 10, 2012, this Court issued an Order to Show Cause requiring plaintiff's counsel to provide a reason why this action should not be dismissed and why he should not be sanctioned for failing to comply with the Court's Initial Scheduling Order. In response, plaintiff's counsel submitted a letter dated October 15, 2012 requesting that the Court excuse his noncompliance because it was inadvertent and the result of confusion caused by recent staff changes in his office. (Doc No. 4). Plaintiff's counsel also requested a 30 day adjournment of the Initial Status Conference because he had not yet served the Summons and Complaint on Hartford. (*Id.*). By Order dated October 16, 2012, the Court granted plaintiff's counsel's request and adjourned the Initial Status Conference to November 15, 2012 at 2:15 pm. On November 15, 2012, plaintiff's counsel filed a letter with the Court requesting a further adjournment of the Initial Status Conference because Hartford had not yet responded to Demarco's Complaint, which he admitted had only recently been served on the New York Secretary of State, and because he was unable to attend the Initial Status Conference due to a previously scheduled administrative hearing. (Doc. No. 5). Notably, Hartford had still not been served as of November 15, 2012 and plaintiff's counsel did not provide a certificate of

NY/1239414v1

Judge Brian M. Cogan
Re:  Demarco v. Hartford
Civil Action No.: 12-cv-04313 (BMC)
December 18, 2012
Page 2

service showing otherwise. By Order dated November 15, 2012, the Court denied plaintiff's counsel's request and ordered that he file proof of service on Hartford. By Order entered later in the day on November 15, 2012, the Court denied plaintiff's counsel's request for an adjournment and imposed a sanction of $100 on him for failing to comply with the Court's previous Orders and Individual Practices. The Court also ordered plaintiff's counsel to pay the imposed sanction within 7 days, with proof of payment to be filed with the Court, or Demarco's Complaint would be dismissed. On November 27, 2012, the Court dismissed Demarco's Complaint without prejudice because plaintiff's counsel failed to pay the imposed sanction. In its November 27, 2012 Order, the Court indicated that plaintiff's counsel was not prevented from refiling Demarco's Complaint, but was required to advise the Clerk of the Court on the Civil Cover Sheet that the refiled action is related to this action and pay the previously imposed sanction. As of this date, there is no indication on the Court's docket reflecting that Demarco's counsel has complied with the Court's November 27, 2012 Order.

On the same day that the Court dismissed the Complaint, her counsel served the previously dismissed Complaint on Hartford via service on the New York Secretary of State. Pursuant to Fed. R. Civ. P. Rule 12(a)(1)(A), Hartford is required to respond to a properly served Complaint within 21 days of service (i.e. December 18, 2012). However, the Complaint served on Hartford is the initial Complaint filed by Demarco on August 27, 2012, which was dismissed by this Court on November 27, 2012. Accordingly, pursuant to the Court's November 27, 2012 Order, Demarco must file a new Complaint with the Clerk of the Court in order to reinstate this action, which entails purchasing a new civil action number. Only after plaintiff's counsel refiles Demarco's Complaint under a newly purchased index number and properly serves the refiled Complaint on Hartford should it be required to respond to the Complaint. Accordingly, Hartford requests leave to file a motion for an order striking the Complaint served on Hartford on November 27, 2012 as improper because it was previously dismissed. In addition, Hartford also requests that the Court extend its time to respond to Demarco's Complaint until after the Court responds to Hartford's request herein, and for such other and further relief as this Court deems just and proper.

Thank you for your consideration of this matter.

Very truly yours,

s/
Michael H. Bernstein
Sedgwick LLP

MHB

cc (*via Regular Mail and ECF*):
JOEL M. GLUCK, ESQ.
Attorney for Plaintiff
80 Livingston Street
Brooklyn NY 11201
(718) 488-9141

NY/1239414v1